IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD DALE REBSTOCK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:11CV1688 AGF |
| | ) | |
| TERRY RUSSELL, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the petition of Missouri state prisoner Richard Dale Rebstock for a writ of habeas corpus pursuant to 28 U.S.C. ' 2254. For the reasons set forth below, federal habeas relief will be denied.

## **BACKGROUND**

On December 22, 2005, Petitioner pled guilty in Missouri state court to one count of child molestation in the first degree. His guilty plea was pursuant to an agreement that he would be sentenced to a 15-year suspended sentence with five years of probation. After ascertaining that there was a factual basis for the plea, that Petitioner understood the rights he was giving up by pleading guilty, and that he was satisfied with the services of his attorney, the court accepted the plea and sentenced Petitioner in accordance with the plea agreement. Subsequently, Petitioner violated the conditions of his probation, and on June 30, 2006, the trial court revoked probation and executed the 15-year sentence.

Petitioner sought post-conviction relief in state court, claiming in an amended complaint filed with the assistance of counsel, that plea counsel failed to explain to him the rights he would be giving up by pleading guilty and failed to investigate whether the victim had recanted her story; and that the plea court failed to inform him of the possible range of punishment before he pled guilty. Following an evidentiary hearing at which only Petitioner testified, the trial court denied the motion. On appeal, Petitioner reasserted that the plea court did not advise him of the range of punishment and faulted the motion court for not making findings of fact on that claim. The Missouri Court of Appeals remanded the matter for the motion court to make findings of fact and conclusions of law on this claim.

On October 3, 2011, the motion court issued a new opinion, denying Petitioner's motion based on Petitioner's testimony at the plea hearing, and the transcript of the arraignment hearing that showed that Petitioner had been advised at that time that the sentencing range for the charged crime was five to 15 years. The court also noted that at the plea hearing, Petitioner made no suggestion that there might be exculpatory evidence in the form of a statement from the victim. Petitioner did not file an appeal.

In his federal habeas petition, Petitioner asserts the following grounds for relief:

1. The police illegally questioned the minor victim before a representative from Children's Services arrived, threatened the witness to falsely accuse Petitioner, and fabricated evidence in the police report resulting in Petitioner's unlawful arrest;

2. After he was booked, the Wayne County Sheriff's Department failed to take reasonable precautions to protect him from other inmates, which resulted in a civil rights violation when other inmates assaulted him so severely that he required hospitalization;

3. The Sherriff's Department illegally removed Petitioner from the Veterans Administration hospital (where he was taken after the assault) without a federal court order, in violation of Petitioner's civil rights; and

4. After being released from the hospital before being treated for his injuries, the Sherriff's Department confined him again with no medical attention, and the state prison system will not give him the medications he had been taking and still needed for service-related disabilities.

With respect to the first ground, Petitioner asserted that he did not raise it in state court because the evidence supporting the claim was suppressed for over five years and the matter was a federal issue, not a state issue. (Doc. No. 1.) In a subsequent filing (Doc. No. 14), treated by the Court as a supplement to the habeas petition, Petitioner asserts that the transcript of the arraignment hearing, relied upon by the state court to find that he had been informed of the sentencing range, was fabricated. He asserted his innocence of the crime to which he pled guilty, and listed numerous complaints in summary fashion, including ineffective assistance of counsel; misconduct by the prosecution, counsel, the trial judge, and other court officials; attorney abandonment in post-conviction proceedings; and suppression of evidence.

Respondent argues that habeas relief should be denied because Petitioner procedurally defaulted the first ground in his habeas petition, and in any event, that the claim is without merit; and the remaining three grounds are not cognizable in federal habeas proceedings because they do not challenge the legality of Petitioner's state custody.

## **DISCUSSION**

As Respondent argues, the doctrine of procedural default precludes consideration by this Court of the first ground for habeas relief in the petition because Petitioner did not present this claim to the state courts at any point, and the record shows no excuse for this default, such as ineffective assistance of post-conviction counsel. *See Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (2012) (*Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (2012) (holding that "attorney errors in

initial-review collateral proceedings may qualify as cause for a procedural default"). Petitioner's assertions of innocence do not meet the demanding standard for such an assertion to excuse a procedural default. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935 (2013); *Gooch v. Cassady*, No. 4:11CV00491 TCM, 2014 WL 1228759, at *8-9 (E.D. Mo. March 25, 2014). Further, to the extent Petitioner is asserting that his arrest was unlawful or that evidence against him was obtained illegally, the claim is foreclosed by *Stone v. Powell*, 428 U.S. 465, 494 (1976). *See Smith v. Minor*, No. 4:13CV1987 DDN, 2013 WL 5587995, at *2 (E.D. Mo. Oct. 10, 2013) (applying *Stone v. Powell* in guilty plea context to habeas claims challenging constitutionality of search and accuracy of police reports).

The other challenges to his conviction that Petitioner mentions in filings with this Court are conclusory statements with no factual or legal basis, and as such do not warrant habeas relief. The Court's review of the state court records does not call into question the validity of Petitioner's guilty plea or sentence.

The three remaining claims in the habeas petition are not cognizable in this proceeding because they do not challenge the validity of Petitioner's conviction or sentence. *See, e.g., Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996).

## **CONCLUSION**

The Court concludes that Petitioner is not entitled to federal habeas relief. Furthermore, the Court does not believe that reasonable jurists might find the Court=s assessment of Petitioner=s claims for habeas relief debatable or wrong, for purposes of issuing a Certificate of Appealability under 28 U.S.C. ' 2254(d)(2). *See Miller-El v. Cockrell,* 537 U.S. 322, 338 (2003) (standard for issuing a Certificate of Appealability) (quoting *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Richard Dale Rebstock for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability shall not be issued in this case.

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this   24th   day of April, 2014.